*United States Bankruptcy Court*
*District of New Jersey*
*Clarkson S. Fisher Federal Building*
*United States Courthouse*
*402 East State Street*
*Trenton, New Jersey 08608*

*Hon. Kathryn C. Ferguson, USBJ* (609) 858-9351

May 7, 2013

Anne S. Cantwell, Esquire
Dembo and Saldutti
1300 Route 73
Suite 205
Mount Laurel, New Jersey 08054

Scott Eric Kaplan, Esquire
12 North Main Street
PO Box 157
Allentown, New Jersey 08501

          Re:    Fredrick M. Weinberg and Janice T. Nini
                 Case No. 12-38503

                 Beneficial Bank's Motion for Relief from
                 the Stay (Document #17)
                 Hearing Date:  March 26, 2013

Dear Counsel:

      This letter opinion resolves a motion for stay relief filed by Beneficial Savings Bank ["Bank"] in the case of Frederick M. Weinberg and Janice T. Nini ["Debtors"]. The Bank has two separate liens on two separate properties. The first is a Commercial Mortgage secured by property located at 193 North Harrison St. in Princeton and an assignment of rents, which the Debtors concede is an absolute assignment. The parties have reached a consensual agreement as

to the commercial property and its rents. The second lien relates to a residential property located at 52 Marion Rd. in Princeton.

With regard to the residential property, the Bank claims an amount due on the mortgage of $366,396.17 plus statutory interest based upon a judgment on the Note. A foreclosure was pending when the Debtors filed their petition, but the Bank has not obtained a final judgment of foreclosure. The Bank levied upon certain insurance proceeds in the amount of $270,921 pre-petition. The Bank had not yet obtained possession of the levied funds as of the time the Debtors filed this Chapter 11 petition.

The Debtors are the victims of a tragic fire that destroyed their residence. They also appear to be the victims of at least incompetence and perhaps venality on the part of their insurance company, the movant, the Township of Princeton or some combination of all three. My heartfelt sympathies extend to the Debtors for the terrifying and frustrating ordeals they have experienced since the night of the fire. But these sad facts cannot change the legal analysis.

There are two aspects of stay relief relating to the residential real estate. The first is the funds in the Debtors' bank account that the Bank levied pre-petition. The second is the real property. Although the legal issues are highly interdependent, they require different analyses.

The court finds that the automatic stay does not apply to the funds that were levied pursuant to a final judgment on the Note because the funds are not property of the bankruptcy estate. Subject to certain exceptions not pertinent here, the Bankruptcy Code provides that the filing of a bankruptcy "does not affect any right of a creditor to offset a mutual debt … that arose before the commencement of the case…."[1] To establish an entitlement to a set off, a creditor must show that there is: 1) a debt owed by the creditor to the debtor which arose prior to the

---

[1] 11 U.S.C. § 553(a)

2

bankruptcy case; 2) a claim of the creditor against the debtor which arose prior to the bankruptcy case; 3) the debt and the claim are mutual obligations; and 4) applicable non-bankruptcy law permits a right to set off the debts.[2]

Here, the Bank has submitted proofs, uncontested by the Debtors, that the account created a debt owed by the creditor to the Debtors, and that the Note between the parties gave the Bank a claim against the Debtors. In New Jersey, obligations are mutual where the debts involve the same parties standing in the same capacities.[3] The language in the Note signed by both parties created a security interest and a right to set off against all funds in the Debtors' accounts. In addition, New Jersey also recognizes that a bank has a common law right to set off.[4]

The Debtors do not address the right to set off in their papers. Instead, the focus is on the alleged bad faith of the Bank and the frustration and innocence of the Debtors. It seems apparent that the Debtors filed a brief that fleshes out why the court should be sympathetic to their efforts and ability to reorganize but fails to cite a single authority because they have no defense to the Bank's right to set off.

As previously stated, the levied funds never became property of the estate. In <u>In re Smiley</u>,[5] the court held that when the IRS completes its levy upon nonsaleable assets, the debtor is divested of any remaining property interest in them; rights of redemption and surplus are not applicable. Even if <u>Smiley</u> is distinguishable because it involved a tax levy rather than a bank levy, a distinction without a difference in this instance, or because the levy was inchoate at the

---

[2] *See, e.g.*, <u>In re Czyzk</u>, 297 B.R. 406, 409 (Bankr. D.N.J. 2003

[3] <u>In re Steines</u>, 285 B.R. 360, 362 (Bankr. D.N.J. 2002)
[4] <u>All American Auto Salvage v. Camp's Auto Wreckers</u>, 146 N.J. 15 (1996)
[5] 189 B.R. 338 (Bankr. E.D. Pa. 1995)

time of the bankruptcy filing the nature of the Debtors' remaining interest is so tenuous that the balancing of harms compels the court to grant stay relief as to the levied funds for cause.[6]

That leaves the request for stay relief as to the real property. The Debtors claim that the value of the residence in its current condition is approximately $450,000. The Bank claims that at this point it is owed slightly more than $440,000. The Bank's figure will be reduced, of course, by the levied funds leaving some equity in the property. It is the movant's burden to establish lack of equity under § 362(d)(2)(a).[7] The Bank has not met this burden. Even a large equity cushion, however, does not preclude a grant of relief from stay.[8] It is the debtor's burden to show that the property is necessary for a reorganization that is in prospect.[9] If no reorganization of the debtor is feasible, then no property of the debtor can be necessary for that end.[10]

By the Debtors own admission, they are unable to propose a viable plan without access to the levied funds. ("It would be unconscionable to permit Beneficial Bank, under the circumstances, to deny the Debtors their only opportunity to attempt to effect a viable resolution of their current financial distress by 'gutting' their bankruptcy estate of assets it requires to successfully reorganize; without the escrowed insurance proceeds, Debtors will never be able to recover the $281,000 balance of insurance proceeds to which they are entitled, to enable them to rebuild….") The Debtors' proofs that they can rebuild and develop equity if given access to the

---

[6] 11 U.S.C. § 362(d)(1). *See also*, In re Murray, 193 B.R. 20 (Bankr. E.D. Cal. 1996)(the cases have almost universally held that cause may exist whenever the stay harms the creditor, and lifting the stay will not unjustly harm the debtor or other creditors)
[7] 11 U.S.C. § 362(g)(1)
[8] In re Wiesler, 934 F.2d 965 (9th Cir. 1991)
[9] Timbers of Inwood Forest Associates, 484 U.S. 365 (1988)
[10] In re Swedeland Develpoment Group, Inc., 16 F.3d 552 (3d Cir. 1994)

remaining insurance proceeds are insufficient if they are unable to utilize the funds levied pre-petition.

It remains an open question whether the Debtors have a right to insist on rebuilding in order to generate equity that they can use to reorganize. The court need not get to that issue, since even the Debtors have not claimed that they can do so without the levied funds. Without that ability to reorganize, stay relief as to the residential property is consistent with the statute.

Bank's counsel should submit a form of order consistent with this opinion.

*/s/ Kathryn C. Ferguson*
KATHRYN C. FERGUSON
US Bankruptcy Judge