*United States Bankruptcy Court*
*District of New Jersey*
*Clarkson S. Fisher Federal Building*
*United States Courthouse*
*402 East State Street*
*Trenton, New Jersey 08608*

*Hon. Kathryn C. Ferguson, USBJ*                                                    *(609) 858-9351*

September 4, 2013

Scott Eric Kaplan, Esquire
12 North Main Street
PO Box 157
Allentown, New Jersey 08501

Anne S. Cantwell, Esquire
Dembo and Saldutti
1300 Route 73 – Suite 205
Mount Laurel, New Jersey 08054

                Re:    Fredrick Weinberg and Janice Nini
                        Case No. 12-38503

                        Motion for Reconsideration (Doc. #62)

Dear Counsel:

      By order dated May 16, 2013, the court granted a motion by Beneficial Bank for relief from the automatic stay ("Order"). The Order granted two distinct forms of relief: one relating to the real property located at 52 Marion Road in Princeton, and the other relating to $270,921.01 in funds on deposit with Beneficial Bank.

      The Debtors moved for reconsideration of the Order, and the court took oral argument on July 16, 2013. At the hearing, the court granted partial reconsideration. The court acknowledged that it had made a clear error of fact when it granted stay relief as to the incorrect property. Beneficial sought stay relief regarding the Debtors' commercial property located at

193 North Harrison Street in Princeton, but the order granted stay relief as to the residential property located at 52 Marion Road in Princeton. The court adjourned the matter to August 20th and requested additional briefing on the separate issue of stay relief as to the funds on deposit with Beneficial Bank. The parties submitted their briefs, and the court issues its proposed findings of fact and conclusions of law.

The purpose behind allowing motions for reconsideration is to "correct manifest errors of law or fact or ... [to] present newly discovered evidence."[1] A judgment may be altered or amended on three grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.[2] It has frequently been noted that because of the importance of the finality of judgments, courts should exercise caution in granting motions for reconsideration.[3] Given the limited purpose of motions for reconsideration, parties may not use Rule 59(e) motions as a vehicle to "ask ... Court[s] to rethink what [they] ha[ve] already thought through—rightly or wrongly." [4]

Because the legal sufficiency of the pre-petition levy was the linchpin of the court's decision to grant stay relief, this court finds it appropriate under these standards to take the time to examine that issue more closely and in light of newly presented evidence and argument. When this matter was originally presented to the court, the parties were unclear about the nature of the bank account held at Beneficial Bank. As a result, neither party focused on whether there

---

[1] Max's Seafood Cafe, by Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 678 (3d Cir. 1999)
[2] North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995)
[3] *See, e.g.,* A.K. Stamping Co. v. Instrument Specialties Co., 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (noting that Rule 56(e) provides an "extraordinary remedy" that is "to be granted sparingly")
[4] Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (citation omitted)

were any special protections afforded to this bank account due to the fact that it contained only insurance proceeds and was within the exclusive control of Beneficial Bank.

As the court noted in its initial letter opinion, the Bankruptcy Code does not divest creditors of the right to set off.[5] To be entitled to exercise that right, however, the creditor must establish that there is: 1) a debt owed by the creditor to the debtor that arose pre-petition; 2) a claim of the creditor against the debtor that arose pre-petition; 3) the debt and the claim are mutual obligations; and 4) applicable non-bankruptcy law permits a right to set off the debts. The court requested the additional briefing to address the fourth element – whether applicable non-bankruptcy law permits a right to set off the debts. The court's oral ruling noted that Beneficial bore the burden of establishing its right to levy, and that if it could not sustain that burden, the motion for reconsideration would be granted.

In its supplemental brief, Beneficial Bank notes that exempting certain funds from levy is the exclusive province of the legislature and that statutes exist that exempt many types of funds.[6] Beneficial submits that there is no state or federal statute that protects funds in an escrow account or funds derived from a fire insurance policy. Beneficial thus concludes that there is no basis in law or fact that would preclude the bank from levying on the account.

There is one vital fact that Beneficial fails to address. Beneficial acknowledges that its levy was an "execution of a Judgment obtained by the Bank and against the Debtors on February 3, 2012." The critical fact left out of that sentence, a fact that was unclear at the time of the original motion, is that the judgment was not based on the mortgage on the residential property

---

[5] "Although no federal right of setoff is created by the Bankruptcy Code, 11 U.S.C. § 553(a) provides that, with certain exceptions, whatever right of setoff otherwise exists is preserved in bankruptcy." Citizens Bank of Maryland v. Strumpf, 516 U.S. 16, 18 (1995).
[6] For example, social security income (42 U.S.C. 407); health and disability insurance proceeds (N.J.S.A. 17B:24-8); and life insurance proceeds (N.J.S.A. 17B:24-6).

(52 Marion Rd)--rather, the judgment was based on an action on the note on the commercial property (193 North Harrison Street).  There was no cross-collateralization.  At the time of the levy, the Debtors were current on the residential mortgage, and remain so as of the filing of these briefs.

Beneficial claims that the fact that the bank was holding the insurance proceeds in escrow is immaterial to this analysis. It offers no legal, logical or other support for that position.  If the escrow account that Beneficial established were no different than a deposit account, there would be no reason to deny the Debtors control over the account. Yet, that is precisely what Beneficial did.  The parties appear to agree that the funds in the escrow account were intended to compensate Beneficial for the loss of its collateral, i.e., the house.  The use of those funds should be dictated by the terms of the note and mortgage.  If the bank were on the other end of this transaction, the court is confident Beneficial would argue that the funds were not the Debtors' unrestricted property that should be subject to levy by any creditor.  For example, if a credit card company held a judgment against the Debtors and sought to levy on the escrow account, Beneficial would rightfully argue that those funds are its collateral and are earmarked for the repair of the property.  Under these facts, Beneficial is no different from that unsecured creditor, since its judgment arises from an unrelated transaction.

Beneficial argues that even if the court finds that the levy was improper, under its loan documents the funds may be applied to the secured debt.  Beneficial points to a provision in the Note dated December 19, 2003, which provides that the "Borrower and each endorser and guarantor hereof grant to the Bank a continuing lien on and security interest in any and all deposits or other sums at any time credited by or due from the Bank … and any cash, securities, instruments or other property of the Borrower …."  So by the express terms of the Note, in order

4

for the money in the escrow account to be subject to being applied to the secured debt the money must be sums "credited by or due from the Bank" or be "property of the Borrower".  The court finds that Beneficial has not sustained its burden of establishing that either provision is applicable here.   The insurance proceeds that are in the escrow account would not appear to be "credited by … the Bank" because the funds were supplied by an insurance company, nor would the funds appear to funds "due from the Bank" because an escrow account does not create a mutual obligation between the depositor and the bank in the way an ordinary deposit account would.  The funds also do not appear to be "property of the Borrower" because as the Debtors' brief demonstrates all control over the account rested with Beneficial and the Debtors merely had an equitable interest in the funds.

Beneficial notes that a bank is entitled to set off a pre-petition balance in an account where applicable non-bankruptcy law permits a right of setoff of mutual obligations.[7]  It is the mutuality of obligations that appears to be missing here.  A normal deposit account creates a mutuality of obligation. These funds are not in a normal deposit account.  Here, Beneficial as the loss-payee under an insurance policy received funds from an insurance company.  Beneficial did not release those funds to the Debtors. Instead, it deposited the funds into an escrow account subject to its exclusive control.  The court finds that such an account does not give rise to the mutuality of obligation that is a necessary predicate for setoff.

As the movant, Beneficial had the burden of proving that cause existed for stay relief.[8]  The court on reconsideration finds that Beneficial has not sustained that burden because it has

---

[7] *See,* In re Czyzk, 297 B.R. 406 (Bankr. D.N.J. 2004)
[8] 11 U.S.C. 362(g); In re Milstein, 304 B.R 208 (Bankr. E.D. Pa. 2004)

not shown that the levy was valid.[9]. Once the levy has been deemed invalid, the balance of hardships falls in favor of the debtor. But for the court's confusion about the nature of the account, stay relief would have been denied. The motion for reconsideration will accordingly be granted.[10]  Debtors' counsel should submit a form of order consistent with this opinion.

*/s/ Kathryn C. Ferguson*
KATHRYN C. FERGUSON
US Bankruptcy Judge

---

[9] Beneficial uses levy and setoff as if they are interchangeable concepts. It was not always clear if Beneficial was asserting a right to levy as a judgment creditor on the commercial note, or that it had a right to setoff under New Jersey law and the residential mortgage documents. To be clear, the courts finds that Beneficial has failed to show that it had a pre-petition right to setoff or that its levy on the escrow account was justified as.

[10] The Debtors also argue that even if stay relief were granted that the levy was a preference and would be subject to turnover. That argument is beyond the scope of this opinion.